UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiff, and
Proposed FLSA Collective*

| | |
|---|---|
| Manuel Hernandez, *on behalf of himself and all other persons similarly situated,*<br><br>Plaintiffs,<br><br>- vs. —<br><br>Melba Utica Packing Co. Inc. and Shri Persaud,<br><br>Defendants. | DOCKET NO. 20-cv-<br><br>**COMPLAINT** |

Plaintiff Manuel Hernandez, by and through his undersigned attorneys, for his complaint against Defendants Melba Utica Packing Co. Inc. and Shri Persaud, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

**NATURE OF THE ACTION**

1. Plaintiff Manuel Hernandez alleges on behalf of himself and on behalf of other similarly situated current and former employees of Defendants Melba Utica Packing Co. Inc. and Shri Persaud, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage; (ii) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay as required by

law; and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants' violations lacked a good faith basis.

2. Plaintiff further complains that he is entitled to: (i) compensation for wages paid at less than the statutory New York minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations; (iii) compensation for Defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for Defendants' violation of the Wage Theft Prevention Act; and (v) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3. Plaintiff Manuel Hernandez is an adult individual residing in Brooklyn, New York.

4. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5. Upon information and belief, Defendant Melba Utica Packing Co. Inc. is a New York corporation with a principal place of business at 1209 Utica Avenue, Brooklyn, NY 11203.

6. At all relevant times, Defendant Melba Utica Packing Co. Inc. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, Defendant Melba Utica Packing Co. Inc. has had gross revenues exceeding $500,000.00.

8. Upon information and belief, at all relevant times herein, Defendant Melba Utica Packing Co. Inc. has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

9. Upon information and belief, at all relevant times, Defendant Melba Utica Packing Co. Inc. has constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, Defendant Melba Utica Packing Co. Inc. was run and operated by Shri Persaud.

11. Upon information and belief, Defendant Shri Persaud is an owner or part owner and principal of Melba Utica Packing Co. Inc., he has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. Defendant Shri Persaud was involved in the day-to-day operations of Melba Utica Packing Co. Inc. and played an active role in managing the business.

13. Defendant Shri Persaud was involved in the day-to-day operations of Melba Utica Packing Co. Inc. and played an active role in managing the business.

14. Defendants constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

### JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

17. Pursuant to 29 U.S.C. 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since February 6, 2017, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid proper minimum wage or overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18. The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt rmployee, and were denied payment of the proper minimum wage and premium overtime pay for some of their hours worked beyond forty hours in a week.

19. They are further similarly situated in that Defendants ha a policy and practice of knowingly and willfully refusing to pay them at the correct minimum wage and the proper overtime premium.

20. The exact number of such individuals is presently unknown, but is known by Defendants and can be ascerntained through appropriate discovery.

## FACTS

21. At all relevant times herein, Defendants owned and operated a wholesale meat, poultry and fish distributor in New York.

22. Plaintiff Manuel Hernandez was employed by Defendants from approximately 1988 until April 21, 2019.

23. Plaintiff Manuel Hernandez was primarily employed as a deliveryman.

24. Plaintiff's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

25. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26. Plaintiff Manuel Hernandez's regular schedule was six days per week; he worked every day of the week except Sundays.

27. Plaintiff Manuel Hernandez worked roughly 9 hours per day. He started work at 6:00 A.M. and ended at 3:00 P.M.

28. Consequently, Plaintiff Manuel Hernandez worked roughly 54 hours per week each week of his employment with Defendants.

29. Defendants did not provide a fingerprint scanner or any other method for employees to track their time worked.

30. Plaintiff was paid in cash throughout his employment.

31. Plaintiff Manuel Hernandez was paid $250.00 per week in 2014.

32. Plaintiff Manuel Hernandez was paid $300.00 per week in 2015.

33. Plaintiff Manuel Hernandez was paid $400.00 per week from 2016 until the end of his employment.

34. Consequently, Plaintiff's effective rate of pay was occasionally below the statutory minimum wages in effect at relevant times.

35. Plaintiff did not receive tips.

36. Defendants' failure to pay Plaintiff an amount at least equal to the New York state minimum wages in effect during the time from 2014 until the end of their employment was willful, and lacked a good faith basis.

37. In addition, Defendants failed to pay Plaintiff an overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

38. Defendants' failure to pay Plaintiff the overtime bonus for their overtime hours worked was willful, and lacked a good faith basis.

39. Defendants failed to provide Plaintiff swith written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendants' contact information, Plaintiff's regular and overtime rates, and intended allowances claimed – and failed to obtain Plaintiff's signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

40. Defendants failed to provide Plaintiff with weekly paystubs or other wage statements constituting records of their compensation and hours worked, in violation of New York Labor Law § 195.3 and the Wage Theft Prevention Act.

41. Upon information and belief, throughout the period of Plaintiff's employment, both before that time and continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions at Defendants' store that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

42. Upon information and belief, Defendants have failed to pay other employees at the required statutory minimum wage.

43. Upon information and belief, these other individuals have worked more than forty (40) hours per week, yet Defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

44. Upon information and belief, these other individuals were not provided with required wage notices or accurate weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

45. Upon information and belief, while Defendants employed Plaintiff and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

### COUNT I: Fair Labor Standards Act – Minimum Wage

46. Plaintiff, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

48. Defendants failed to pay a salary greater than the minimum wage to Plaintiff for all hours worked.

49. Because of Defendants' willful failure to compensate Plaintiff at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 206.

51. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II: Fair Labor Standards Act - Overtime

52. Plaintiff, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

54. Defendants had a policy and practice of refusing to pay overtime compensation to their employees for some of the hours they worked in excess of forty hours per workweek.

55. As a result of Defendants' willful failure to compensate their employees, including Plaintiff, at a rate at least one-and-one-half times the regular rate of pay for some of their work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

57. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT III: New York Labor Law – Minimum Wage

58. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60. Defendants willfully violated Plaintiff's rights by failing to pay their compensation at the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and supporting regulations.

61. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

62. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT IV: New York Labor Law - Overtime

63. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65. Defendants willfully violated Plaintiff's rights by failing to pay them overtime compensation at rates at least one-and-one-half times their regular rate of pay for the hours worked exceeding forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

66. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

67. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## **COUNT V: New York Labor Law – Spread of Hours**

68. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

70. Defendants willfully violated Plaintiff's rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting longer than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

10

71. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

72. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT VI: New York Labor Law – Wage Theft Prevention Act

73. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

74. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

75. Defendants willfully violated Plaintiff's rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

76. Defendants willfully violated Plaintiff's rights by failing to provide them with weekly wage statements that conformed to the specific requirements of the Wage Theft Prevention Act at any time during their employment.

77. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants $50 per day through the termination of his employment, up to the maximum statutory damages.

78. Due to Defendants' New York Labor Law violations relating to the failure to provide accurate weekly wage statements, Plaintiff is entitled to recover from

11

Defendants statutory damages of $250 per day through the end of their employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action members;

    b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    c. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

    e. Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

 f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

 g. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

 h. Compensatory damages for illegal deductions of gratuities;

 i. Liquidated damages for Defendants' New York Labor Law violations;

 j. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

 k. Back pay;

 l. Punitive damages;

 m. An award of prejudgment and post judgment interest;

 n. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

 o. Such other, further, and different relief as this Court deems just and proper.

Dated: February 6, 2020

/s/ *Michael Samuel*
Michael Samuel, Esq.
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiff, and Proposed FLSA Collective*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of **Melba Utica Packing** and its owners and affiliates to pay me, *inter alia,* minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentaci6n y tramitaci6n de reclamaciones en mi nombre y de mi parte para impugnar el fallo de **Melba Utica Packing** mi y sus propietarios y afiliados a me pagan, entre otras cosas, el salario minimo y pago de horas extras, requerida en el estado y / o la ley federal y tambien autorizan la presentaci6n de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acci6n para tomar decisiones en nombre de todos los demas demandantes en relaci6n con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retenci6n con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus terminos.

Dated: January 2, 2020

Manuel Hernandez